**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDNA FRANCHINI, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>ECOLAB INC.,<br><br>    Defendant. | Case No. 21-cv-891 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ecolab Inc., by and through counsel, hereby removes the matter captioned *Edna Franchini v. Ecolab Inc.*, Case No. 2021L000059, filed in the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois on January 19, 2021 (hereinafter referred to as "the State Court Action") to the United States District Court for the Northern District of Illinois. The grounds for removal are set forth below.

**COMPLIANCE WITH REMOVAL REQUIREMENTS**

1. On or about January 19, 2021, Plaintiff Edna Franchini filed her Class Action Complaint ("the Complaint") alleging violations of Illinois' Biometric Information Privacy Act ("BIPA") in the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois. Ex. A at 10-12, Complaint ¶¶ 40-52. All counts were asserted on behalf of Plaintiff and putative class members. *Id.*

2. On January 21, 2021, Ecolab received a notice and request for waiver pursuant to section 2-213 of the Illinois Code of Civil Procedure. Ex. A at 38-39, Notice and Request for

Waiver. Ecolab's removal of this action is timely because Ecolab is removing this matter within 30 days of acknowledging the waiver. *See* 28 U.S.C. § 1446(b).

3. This Notice of Removal is properly filed in this district and division because the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois is located within the Eastern Division of the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a), 1446(a).

4. In accordance with 28 U.S.C. § 1446(d), Ecolab will promptly provide written notice of the removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court of DuPage County, Illinois. In addition, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint, in addition to all process, pleadings, and orders served upon Ecolab in the State Court Action are attached hereto as Exhibit A.

## JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)
## (CLASS ACTION FAIRNESS ACT)

5. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests district courts with original jurisdiction over putative class actions in which there is minimal diversity between the parties, and the amount in controversy, aggregated across putative class members' claims, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (6); *see also* 28 U.S.C. § 1441(a) (providing for removal of civil actions for which district courts have original jurisdiction). CAFA also requires that the action involve 100 or more putative class members. 28 U.S.C. § 1332(d)(5)(B).

6. Plaintiff brings her claims "pursuant to 735 ILCS 5/2-801 on behalf of '[a]ll persons who had their handprints or fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois.'" Ex. A at 8, Complaint ¶ 35. Accordingly, this action constitutes a "class action," as defined by CAFA. *See* 28 U.S.C. § 1332(d)(1)(B); *see also*

735 ILCS 5/2-801 (setting forth prerequisites for maintenance of a class action under Illinois law).

7. Plaintiff alleges that she is a resident of Illinois. Ex. A at 3, Complaint ¶ 7. Defendant Ecolab is a corporation. *Id.* ¶ 8. A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Ecolab is incorporated in the state of Delaware, Ex. A at 3, Complaint ¶ 8, and its principal place of business is 1 Ecolab Place, St. Paul, Minnesota 55102, Ex. B, ¶ 3. Thus, Ecolab is a citizen of both Delaware and Minnesota.

8. Because Plaintiff is a citizen of Illinois, and Ecolab is a citizen of Delaware and Minnesota, CAFA's minimal-diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A) (recognizing minimal diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

9. Plaintiff alleges that "[a]s a contracted worker, Ecolab required Plaintiff to scan Plaintiff's handprint so that it could use it as an authentication method to track time." Ex. A at 7-8, Complaint ¶ 28. Plaintiff further alleges that "ECOLAB has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class." Ex. A at 9, Complaint ¶ 36.

10. Plaintiff's allegations meet the requirement that the action involve 100 or more putative class members, 28 U.S.C. § 1332(d)(5)(B). *Id.*

11. For the amount in controversy, "[a] removing party . . . only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party

seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.").

12. Plaintiff seeks liquidated damages "for each of Defendant's violations of the BIPA," but does not allege a total dollar amount in damages. Ex. A at 8, 12, Complaint ¶¶ 34, 52. Plaintiff brings her claims under BIPA, which provides for $5,000 "for each intentional violation" or $1,000 "for each negligent violation." 740 ILCS 14/20(1)–(2).

13. Plaintiff defines the putative class as "[a]ll persons who had their handprints or fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois." Ex. A at 8, Complaint ¶ 35. She further alleges "ECOLAB has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class." Ex. A at 9, Complaint ¶ 36. Upon information and belief, at least 350 people worked at the Joliet facility where Plaintiff worked. Ex. B, ¶ 4.

14. While Ecolab denies liability for any such alleged violations, or the appropriateness of any such damages, Plaintiff's allegations, as applied to approximately 350 employees could well exceed the $5,000,000 threshold, before attorneys' fees. Ex. A at 11-12, Complaint ¶¶ 47-50. *See, e.g.*, *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the plaintiff has a right to them 'based on contract, statute, or other legal authority.'"); *see also* 740 ILCS 14/20(3) (providing for recovery of "reasonable attorneys' fees" by a prevailing party). Again, Ecolab denies liability for Plaintiff's claims, any purported damages, and any such calculation of damages, but Ecolab recognizes that the Complaint's allegations provide the requisite amount in controversy for removal under CAFA.

15. In sum, removal of this action is proper, as this Court has original jurisdiction over Plaintiff's claims on the basis of CAFA.

## **NO WAIVER OF RIGHTS**

16. With this removal, Ecolab does not waive any claims or defenses. Ecolab also does not concede, in any way, that the allegations in the Complaint are accurate, that Ecolab committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

Dated: February 17, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Efrat Schulman
　　　　　　　　　　　　　　　　　　Michael J. Gray
　　　　　　　　　　　　　　　　　　mjgray@jonesday.com
　　　　　　　　　　　　　　　　　　Efrat R. Schulman
　　　　　　　　　　　　　　　　　　eschulman@jonesday.com
　　　　　　　　　　　　　　　　　　Elsa Andrianifahanana
　　　　　　　　　　　　　　　　　　eandriani@jonesday.com
　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　77 West Wacker
　　　　　　　　　　　　　　　　　　Suite 3500
　　　　　　　　　　　　　　　　　　Chicago, IL  60601.1692
　　　　　　　　　　　　　　　　　　Telephone:　+1.312.782.3939
　　　　　　　　　　　　　　　　　　Facsimile:　+1.312.782.8585

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Ecolab Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the foregoing on counsel of record.

/s/ Elsa Andrianifahanana